**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, et al., | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No. 15-31858-hdh-11 |
| | § | |
| | § | |
| JASON R. SEARCY, solely in his | § | Adv. No. 16-03062-hdh |
| Capacity as Trustee of the Exempt Assets | § | |
| Trust, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| SCOTT Y. WOOD, an individual, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER**

COMES NOW Defendant Scott Y. Wood ("Wood") and submits this Answer to the Amended Complaint filed on May 11, 2016 (the "Complaint") (Dkt. No. 6) by Jason R. Searcy (the "Trustee"), in his capacity as Trustee of the Exempt Assets Trust of ERG Intermediate Holdings, LLC ("ERG Intermediate") and its affiliated debtors (collectively, the "Debtors"), and respectfully states as follows:

**I.    NATURE OF THE ACTION**

1.    Wood admits that he was the owner and President of ERG Resources, LLC ("ERG Resources"), that ERG Resources is an oil and gas production company, and that he was a manager of the Debtor limited liability companies. Except as specifically admitted herein, the allegations of Paragraph 1 are denied.

1

2. Wood admits that the Debtors engaged in transfers during the two years preceding bankruptcy. Except as specifically admitted herein, the allegations of Paragraph 2 are denied.

3. Wood admits that the Trustee purports to seek the relief described in Paragraph 3 of the Amended Complaint. Wood denies the validity of the relief requested. Except as specifically admitted herein, the allegations of Paragraph 3 are denied.

## II.   JURISDICTION AND VENUE

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

6. Paragraph 6 is admitted.

## III.   THE PARTIES

7. Paragraph 7 is admitted.

8. Wood admits that he is an individual who maintains a principal residence in Houston, Texas. Wood further admits that ERG Intermediate was affiliated with both himself and the other Debtors, and that he was a manager and/or President of each of the other Debtors. The second sentence of Paragraph 8 also contains purely legal assertions to which no response is required. Except as specifically admitted herein, the allegations of Paragraph 8 are denied.

## IV.   FACTUAL ALLEGATIONS

9. Paragraph 9 is admitted.

10. Wood admits that ERG Intermediate was affiliated with himself, CTS Properties, Ltd., and each of the other Debtors, including ERG Operating, LLC. Paragraph 10 also contains purely legal assertions to which no response is required. Except as specifically admitted herein, the allegations of Paragraph 10 are denied.

11. Paragraph 11 is admitted.

12. Paragraph 12 is admitted.

13. Wood lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Amended Complaint and therefore denies the same.

14. Wood lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Amended Complaint and therefore denies the same.

15. Wood lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Amended Complaint and therefore denies the same.

16. Wood admits that he was a manager of the Debtor prior to the Petition Date. Except as specifically admitted herein, the allegations of Paragraph 16 are denied.

17. Wood admits that the Debtors engaged in transfers during the period of May 1, 2013 through the Petition Date. Wood, however, lacks knowledge or information sufficient to form a belief about the truth of the Exhibits and therefore denies the same. Except as specifically admitted herein, the allegations of Paragraph 17 are denied.

**Distributions and Salary Paid to Wood**

18. The term "distributions," as used throughout Paragraph 18 is vague and ambiguous. As such, Paragraph 18 is vague and ambiguous. Furthermore, Wood lacks knowledge or information sufficient to form a belief about the truth of Exhibit A and therefore denies the same. Wood therefore denies Paragraph 18 in its entirety.

19. Paragraph 19 is denied.

3

**ERG Polo Expenses**

20. Wood admits that he plays polo, participates in polo tournaments around the world, and was involved in the creation of the ERG Polo Team. Except as specifically admitted herein, the allegations of Paragraph 20 are denied.

21. Wood lacks knowledge or information sufficient to form a belief about the truth of either the amount of cash spent on expenses related to the ERG Polo Team or to Exhibit B and therefore denies the same. Wood therefore denies Paragraph 21 in its entirety.

**Additional Personal Expenses**

22. Wood lacks knowledge or information sufficient to form a belief about the truth of Exhibit C and therefore denies the same. Paragraph 22 also contains purely legal assertions to which no response is required. To the extent a response is required, Wood denies Paragraph 22 in its entirety.

23. Wood lacks knowledge or information sufficient to form a belief as to the truth of Exhibit D and therefore denies the same. Wood therefore denies Paragraph 23 in its entirety.

24. Wood lacks knowledge or information sufficient to form a belief as to the truth of Exhibit E, Exhibit F, and Exhibit G. Wood therefore denies Paragraph 24 in its entirety.

25. Paragraph 25 is denied.

26. Paragraph 26 contains purely legal assertions to which no response is required. To the extent Paragraph 30 contains factual allegations, Wood denies them.

**Wood's Proofs of Claim**

27. Wood denies Paragraph 27 as Wood filed five proofs of claim against certain of the Debtors on July 3, 2015.

4

28. Wood denies that the indemnity protections asserted in claim number 162 are "unidentified" and merely "apparently" related to Wood's status as an officer and/or manager of West Cat Canyon, LLC (and/or its members). The factual statements contained in Paragraph 28 are otherwise admitted. However, the factual allegations contained in Paragraph 28 constitute an incomplete and inaccurate summary of the basis of the claim.

29. Wood denies that the unpaid wages, compensation, and re-imbursement of expenses and indemnity protections asserted in claim number 166 are "unspecified." Subject to this denial, the factual statements contained in Paragraph 29 are otherwise admitted. However, the factual allegations contained in Paragraph 29 constitute an incomplete summary of the basis of the claim.

30. Wood denies that the indemnity protections asserted in claim number 170 are "unidentified" and "apparently" related to Wood's status as an officer and/or manager of ERG Intermediate (and/or its members). The factual statements contained in Paragraph 30 are otherwise admitted. However, the factual allegations contained in Paragraph 30 constitute an incomplete summary of the basis of the claim.

31. Wood denies that the indemnity protections asserted in claim number 173 are "unidentified" and merely "apparently" related to Wood's status as an officer and/or manager of ERG Operating Company, LLC (and/or its members). The factual statements contained in Paragraph 31 are otherwise admitted. However, the factual allegations contained in Paragraph 31 constitute an incomplete summary of the basis of the claim.

## V.     <u>FIRST CLAIM FOR RELIEF</u>

**AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS**
**(11 U.S.C. § 548(a)(1)(A))**

32.     Wood incorporates by reference his responses to paragraphs 1-31 of the Amended Complaint.

33.     Paragraph 33 is denied.

34.     Paragraph 34 contains a purely legal assertion to which no response is required. To the extent Paragraph 34 contains any factual allegations, Wood denies them.

35.     Paragraph 35 contains a purely legal assertion to which no response is required. To the extent Paragraph 35 contains any factual allegations, Wood denies them.

36.     Paragraph 36 contains a purely legal assertion to which no response is required. To the extent Paragraph 36 contains any factual allegations, Wood denies them.

## VI.     <u>SECOND CLAIM FOR RELIEF</u>

**AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS**
**(11 U.S.C. § 548(a)(1)(B))**

37.     Wood incorporates by reference his responses to paragraphs 1-36 of the Complaint.

38.     Paragraph 38 is denied.

39.     Paragraph 39 contains a purely legal assertion to which no response is required. To the extent Paragraph 39 contains any factual allegations, Wood denies them.

40.     Paragraph 40 contains a purely legal assertion to which no response is required. To the extent Paragraph 40 contains any factual allegations, Wood denies them.

41. Paragraph 41 contains a purely legal assertion to which no response is required. To the extent Paragraph 41 contains any factual allegations, Wood denies them.

## VII. THIRD CLAIM FOR RELIEF

**AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS**
**(11 U.S.C. § 544, Texas Bus. & Comm. Code §§ 24.005(a)(1) and 24.006(a))**

42. Wood incorporates by reference his responses to paragraphs 1-41 of the Amended Complaint.

43. Paragraph 43 is denied.

44. Paragraph 44 contains a purely legal assertion to which no response is required. To the extent Paragraph 44 contains any factual allegations, Wood denies them.

45. Paragraph 45 contains a purely legal assertion to which no response is required. To the extent Paragraph 45 contains any factual allegations, Wood denies them.

46. Paragraph 46 contains a purely legal assertion to which no response is required. To the extent Paragraph 46 contains any factual allegations, Wood denies them.

47. Paragraph 47 contains a purely legal assertion to which no response is required. To the extent Paragraph 47 contains any factual allegations, Wood denies them.

## VIII. FOURTH CLAIM FOR RELIEF

**AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS**
**(11 U.S.C. § 544, Texas Bus. & Comm. Code §§ 24.005(a)(2) and 24.006(b))**

48. Wood incorporates by reference his responses to paragraphs 1-47 of the Amended Complaint.

49. Paragraph 49 is denied.

50. Paragraph 50 contains a purely legal assertion to which no response is required. To the extent Paragraph 50 contains any factual allegations, Wood denies them.

51. Paragraph 51 contains a purely legal assertion to which no response is required. To the extent Paragraph 51 contains any factual allegations, Wood denies them.

52. Paragraph 52 contains a purely legal assertion to which no response is required. To the extent Paragraph 52 contains any factual allegations, Wood denies them.

53. Paragraph 53 contains a purely legal assertion to which no response is required. To the extent Paragraph 53 contains any factual allegations, Wood denies them.

## IX. FIFTH CLAIM FOR RELIEF

### RECOVERY OF AVOIDED FRAUDULENT TRANSFERS
### (11 U.S.C. § 550)

54. Wood incorporates by reference his responses to paragraphs 1-53 of the Amended Complaint.

55. Paragraph 55 is denied.

56. Paragraph 56 contains a purely legal assertion to which no response is required. To the extent Paragraph 56 contains any factual allegations, Wood denies them.

57. Wood admits that the Trustee purports to seek the relief described in Paragraph 57 of the Amended Complaint. Wood denies the validity of the relief requested.

## X. SIXTH CLAIM FOR RELIEF

### BREACH OF FIDUCIARY DUTIES AND SELF-DEALING

58. Wood incorporates by reference his responses to paragraphs 1-57 of the Amended Complaint.

59. Wood admits he was a manager of each of the Debtors. Except as specifically admitted herein, the allegations of Paragraph 59 are denied.

60. Woods admits he was a manager of each of the Debtors. Paragraph 60 also contains purely legal assertions to which no response is required. To the extent Paragraph 60 contains factual allegations, and except as specifically admitted herein, Wood denies them.

61. Paragraph 61 is denied.

62. Paragraph 62 is denied.

63. Paragraph 63 is denied.

64. Paragraph 64 is denied.

## XI. SEVENTH CLAIM FOR RELIEF

### RESTITUTION FOR UNJUST ENRICHMENT

65. Wood incorporates by reference his responses to paragraphs 1-64 of the Amended Complaint.

66. Paragraph 66 is denied.

67. Wood admits that the Trustee purports to seek the relief described in Paragraph 67 of the Amended Complaint. Wood denies the validity of the relief requested.

## XII. EIGHTH CLAIM FOR RELIEF

### OBJECTION TO WOOD'S CLAIMS
### (11 U.S.C. § 502)

68. Wood incorporates by reference his responses to paragraphs 1-67 of the Amended Complaint.

69. Wood admits that the Trustee purports to object to each of Wood's claims. Wood, however, denies the basis for each objection. Except as specifically admitted herein, the allegations of Paragraph 69 are denied.

70. Paragraph 70 contains a purely legal assertion to which no response is required. To the extent Paragraph 70 contains any factual allegations, Wood denies them.

71. Paragraph 71 contains a purely legal assertion to which no response is required. To the extent Paragraph 71 contains any factual allegations, Wood denies them.

72. Paragraph 72 contains a purely legal assertion to which no response is required. To the extent Paragraph 72 contains any factual allegations, Wood denies them.

73. Paragraph 73 contains a purely legal assertion to which no response is required. To the extent Paragraph 73 contains any factual allegations, Wood denies them.

74. Paragraph 74 contains a purely legal assertion to which no response is required. To the extent Paragraph 74 contains any factual allegations, Wood denies them.

75. Paragraph 75 contains a purely legal assertion to which no response is required. To the extent Paragraph 75 contains any factual allegations, Wood denies them.

### XIII. **NINTH CLAIM FOR RELIEF**

**DISALLOWANCE OF WOOD'S CLAIMS**
**(11 U.S.C. § 502(d))**

76. Wood incorporates by reference his responses to paragraphs 1-75 of the Amended Complaint.

77. Wood admits that the Trustee purports to seek the relief described in Paragraph 77 of the Amended Complaint. Wood denies the validity of the relief requested.

**PRAYER FOR RELIEF**

78. Wood specifically denies that the Trustee is entitled to any of the relief requested in the prayer.

**AFFIRMATIVE DEFENSES**

79. For his defenses, Wood incorporates by reference as if fully set forth herein his responses to Paragraphs 1-78 to the Amended Complaint. Without assuming any burden other than that imposed by operation of law, Wood asserts these affirmative defenses without admitting that Wood bears the burden of proof on any of them.

80. Trustee is barred from relief, in whole or in part, because Wood's conduct was privileged, justified, and/or authorized.

81. Trustee's claims are barred, in whole or in part, because Wood's at all relevant times acted in good faith.

82. Trustee's claims are barred, in whole or in part, because the Amended Complaint fails to state a claim upon which relief can be granted or fails to state ultimate facts sufficient to constitute a claim for relief.

83. Trustee's claims are barred, in whole or in part, because the Amended Complaint has alleged redundant claims that should be stricken.

84. Trustee's claims are barred, in whole or in part, because the Amended Complaint fails to state the alleged claims with sufficient particularity to allow Wood to respond and to ascertain what other defenses may exist.

85. Trustee's purported avoidance claims are barred, in whole or in part, as the Debtors were not insolvent at or near the time of the alleged transfers.

86. Trustee's purported avoidance claims are barred, in whole or in part, as the Debtors received a reasonably equivalent value in exchange for the alleged transfers.

87. Trustee's claims are barred, in whole or in part, by the applicable statute of frauds.

88. Trustee's claims are barred, in whole or in part, by the equitable doctrines of release, waiver, unclean hands, license, and/or laches.

89. Trustee's claims are barred, in whole or in part, by the doctrine of equitable estoppel and judicial estoppel.

90. Wood currently has insufficient information upon which to form a belief as to whether he may have additional, as yet unstated, affirmative defenses available. Wood reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

## **CONCLUSION AND PRAYER**

WHEREFORE, Wood prays that Trustee take nothing, and that judgment be entered in favor of Wood, with the Court to award costs and such other relief as it deems necessary and appropriate.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Charles R. Gibbs
Charles R. Gibbs (SBN: 07846300)
Marty L. Brimmage, Jr. (SBN: 00793386)
Richard M. Cella (SBN: 24078328)
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
(214) 969-2800 (Telephone)
(214) 969-4343 (Facsimile)

ATTORNEYS FOR SCOTT Y. WOOD

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Answer has been served on Plaintiff's counsel of record via electronic court filing on this the 30th day of June, 2016.

/s/ Charles R. Gibbs
Charles R. Gibbs